IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

GEORGE R. SYMEONIDIS

and

SOLON R. SYMEONIDIS

                      Plaintiffs,

    v.

HURLEY & KOORT, P.L.C.,

PETER A. KOORT,

EAGLE CONSTRUCTION OF VIRGINIA, INC.,

ATACK/EAGLE THORNCROFT INVESTMENTS, L.C.,

ROBERT N. POLLARD, III,

JEFFREY H. GEIGER,

ELAINE JORDAN, and

SANDS, ANDERSON, MARKS & MILLER, P.L.C.,

                      Defendants.

Civil Action Number 3:05CV762-JRS

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants Eagle Construction of Virginia, Inc. ("Eagle"), Atack/Eagle Thorncroft Investments, L.C. ("Atack/Eagle"), Robert N. Pollard, III ("Pollard"), Jeffrey H. Geiger ("Geiger"), Elaine Jordan ("Jordan"), and Sands, Anderson, Marks

& Miller, P.C.'s ("SAMM") Joint Motions: 1) to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and 2) for Pre-Filing Injunction. The former Motion targets Plaintiffs George R. Symeonidis and Solon R. Symeonidis's most recent Complaint (the "new Complaint"), filed on November 7, 2005. Count II of the new Complaint alleges "Conspiracy" against these defendants, as well as Peter A. Koort ("Koort") and Hurley & Koort, P.L.C. (Plaintiffs' former counsel). For the reasons explained herein, both Motions are GRANTED.

I.

With respect to the Motion to Dismiss, although not entirely clear, the apparent basis for Plaintiffs' conspiracy claim in the new Complaint is the same type of alleged fraud as was asserted in Count II of Plaintiffs' original Complaint, which this Court dismissed in its Order and accompanying Memorandum Opinion filed on November 15, 2005. With the underlying tort having been previously stricken by this Court, Plaintiffs' conspiracy claim is fatally flawed. See Commercial Bus. Sys. v. Halifax Corp., 253 Va. 292, 484 S.E.2d 892, 896 (Va. 1997). Without an actionable claim underlying its conspiracy allegations, Count II of the new Complaint does not state a claim upon which relief may be granted and, pursuant to Federal Rule of Civil Procedure 12(b)(6), consequently fails as to all named defendants. Plaintiffs, allowed their full twenty (20) days to respond, gave the Court no arguments to consider in opposition to the instant Motion.

Accordingly, the Court will dismiss with prejudice Count II of the new Complaint as to all named defendants, including Koort and Hurley & Koort, P.L.C.

II.

Turning now to the Motion for Pre-Filing Injunction, the Court is acutely aware of its obligation to use the utmost of caution and restraint in restricting a pro se litigant's access to the courts. See

Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). In deciding whether or not to impose a pre-filing injunction, the Court must consider several factors, including:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

Id. at 818. In addition to weighing these factors, an extra and, indeed, required safeguard is that the injunction be narrowly tailored to fit the specific circumstances at issue. Id. (explaining that a pre-filing injunction would be permissible if the litigant is still allowed "the option of filing additional federal court actions, if granted permission to do so by the district court") (citing Safir v. United States Lines, Inc., 792 F.2d 19, 25 (2d Cir. 1986)).

One of the distinguishing characteristics of this litigation is that Plaintiffs recorded a second notice of *lis pendens*, which effectively blocks any use or sale of the property in question pending the outcome of this litigation. It is a fundamental and long-standing principle of law in Virginia, however, that the doctrine of *lis pendens* is only properly applied to property which is the object of the litigation. See French v. Successors of Loyal Co., 32 Va. (5 Leigh) 627 (Va. 1834). If a notice of *lis pendens* has been improperly recorded in bad faith, a court shall impose an appropriate sanction, which could include the opposing party's costs, expenses, and attorneys' fees. See Va. Code Ann. § 8.01-271.1 (2000).

Plaintiffs knew, upon filing their most recent notice of *lis pendens*, that their new Complaint in no way seeks to establish an interest in the property in dispute. To the contrary, Count II's prayer for relief only seeks monetary damages from the named defendants. Accordingly, the Court finds that Plaintiffs' most recent notice of *lis pendens*, filed in the Clerk's Office of the Circuit Court for the County of Henrico, was improperly recorded. Under these circumstances, it is quite clearly

within this Court's power to quash a *lis pendens* and/or order it removed. See Meliani v. Jade Dunn Loring Metro, L.L.C., 286 F. Supp. 2d 741, 745 (E.D. Va. 2003) ("[T]he caselaw interpreting Va. Code Ann. § 8.01-268(B) is uniformly to the effect that a *lis pendens* is improper, and should be quashed, if the plaintiff does not allege an interest in the property in his underlying cause of action."). As such, the Court declares that the new—and improperly recorded—*lis pendens* is null and void and shall be removed immediately.

Because Plaintiffs have now recorded a notice of *lis pendens* concerning the property in dispute on multiple occasions, Atack/Eagle has been unable to develop the property that Eagle agreed to purchase from Marie Symeonidis and Solon Symeonidis in June 2003. In light of Plaintiffs' repeated—and failed—attempts at litigating the same essential claims, and in consideration of the unreasonable burden Plaintiffs' improper recording of notices of *lis pendens* have placed on Atack/Eagle's legally enforceable rights, the Court feels that it is appropriate to impose certain narrowly tailored restrictions on Plaintiffs' ability to commence further factually related actions in this Court.

Defendants' Motion for Pre-Filing Injunction is hereby GRANTED. In the future, the Court must first review any attempted filings by Plaintiffs, or their employed legal counsel, against the defendants,[1] or any of the defendants' employees, agents, successors, assigns, or attorneys, relating to claims which arise out of the same facts or transaction. The Clerk will be directed to inform the Court of any attempts by the plaintiffs that violate the terms of this Memorandum or the corresponding Order. This restriction does not apply to any filings made for purposes of appeal. In the event Plaintiffs do appeal, they shall be required to file an appeal bond or provide other security

---

[1] In this context, "defendants" refers only to the defendants joining in these Motions: Eagle, Atack/Eagle, Pollard, Geiger, Jordan, and SAMM.

in the form of cash or certified funds pursuant to Rules 7 and 8 of the Federal Rules of Appellate Procedure and Local Rule 8 of the Local Rules for the United States Circuit Court of Appeals for the Fourth Circuit in the amount of at least $75,000.

III.

For the reasons stated, Defendants' Motions to Dismiss and for Pre-Filing Injunction are hereby GRANTED.  Defendants are awarded their costs, expenses, and attorneys' fees associated with the filing of these two Motions.

An appropriate Order shall issue.

ENTERED this   20th   day of December, 2005

/s/
James R. Spencer
UNITED STATES DISTRICT JUDGE