IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| GEORGE R. SYMEONIDIS, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HURLEY & KOORT, P.L.C., et al., <br><br> Defendants. | Civil Action Number 3:05CV762-JRS |

**MEMORANDUM OPINION**

THIS MATTER comes before the Court on Defendants Peter A. Koort and Hurley & Koort, P.L.C.'s Motion to Dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Also before the Court is Defendants' Motion for Submission of Motion to Dismiss Without a Hearing. For the reasons explained herein, both Motions are GRANTED.

**I.   BACKGROUND**

This matter stems from a real estate contract that George Symeonidis entered into on behalf of his mother, Marie Symeonidis, whereby he agreed to sell her home to Eagle Construction of Virginia, Inc. ("Eagle") on June 12, 2003. A year after the contract had been signed, Eagle and its assign, Atack/Eagle Thorncroft Investments, L.C. ("Atack/Eagle"), were forced to send a demand letter to Mrs. Symeonidis to get her to leave her property so that various construction projects could be undertaken. On June 22, 2004, Atack/Eagle filed an unlawful detainer suit against Mrs. Symeonidis in the General District Court for the County of Henrico, seeking to evict her from the property. The Henrico General District Court ruled in favor of Atack/Eagle. Mrs. Symeonidis

appealed the judgment de novo to the Circuit Court for the County of Henrico, which then issued a Final Order in favor of Atack/Eagle. A series of bankruptcy proceedings before Judge Tice then followed.

George Symeonidis, acting pro se, filed suit in this Court on his mother's behalf on August 22, 2005 (the "first Complaint"), alleging: 1) "Rescission, Fraud in the Inducement, Fraud, Misrepresentation;" 2) "Fraud, Wrongful Conviction;" and 3) "Abuse of Process." He alleged that Defendants made changes to the real estate contract and that Defendant Attack/Eagle, through attorney Jeffrey Geiger, secured a judgment against Mrs. Symeonidis in the Henrico General District Court by falsely testifying that Defendant had received all necessary permits. The defendants—Eagle, Atack/Eagle, and three attorneys representing Atack/Eagle in the unlawful detainer proceedings in state court—filed a Motion to Dismiss on September 28, 2005, which this Court granted on November 15, 2005.

On November 7, 2005, the day before the hearing on the Motion to Dismiss, George Symeonidis and his brother, Solon, filed a second pro se Complaint in this Court, alleging: 1) "Breach of Fudiciary [sic] Responsibility, Breach of Care, Breach of the Standard of Care to Clients, and Willful and Intentional Disregard for the Client(s);" and 2) "Conspiracy." The conspiracy claims—lodged against the same defendants from the first suit, as well as the law firm of Sands, Anderson, Marks & Miller, P.L.C. ("Sands Anderson"), Peter A. Koort ("Koort"), and the law firm of Hurley & Koort, P.L.C. ("Hurley & Koort")—involve the same underlying allegations of fraud rejected and dismissed by this Court in its November 15, 2005 Dismissal Order. The legal malpractice allegations relate to attorney Peter Koort (and his law firm, Hurley & Koort) and the legal services he provided to Mrs. Symeonidis in connection with the unlawful detainer proceedings in Henrico County.

On November 22, 2005, the defendant law firm of Sands Anderson and the Sands Anderson attorneys also named as defendants filed a Motion to Dismiss and a Motion for Pre-filing Injunction. On December 20, 2005, the Court issued a pre-filing injunction and granted the Motion to Dismiss Count Two as to all the defendants, finding that the "Conspiracy" claim could not be maintained with the underlying fraud claims having been dismissed in the earlier suit. Therefore, the only matter before the Court concerns Count One of Plaintiff's November 7, 2005 Complaint: "Breach of Fudiciary [sic] Responsibility, Breach of Care, Breach of the Standard of Care to Clients, and Willful and Intentional Disregard for the Client(s)." Defendants Koort and Hurley & Koort (collectively referred to hereinafter as "Defendants") filed the instant Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## II. ARGUMENTS

In Count One of their Complaint, Plaintiffs explain that Koort represented Marie Symeonidis during the unlawful detainer proceedings in Henrico County. Plaintiffs allege that Koort failed to return George Symeonidis's phone calls until they threatened to notify the Virginia State Bar. At that point, Koort allegedly "promised . . . to give good service, . . . apologized for not returning the phone calls[, and] stated that there was no need for a retainment agreement, or to pay him any monies because '[Marie Symeonidis] is a very nice lady, and [he would] represent her for free in the matter with Eagle Construction.'" (Compl. ¶ 22–24.) Plaintiffs also allege that Koort ignored their and their mother's scheduling concerns when selecting an August 2, 2004 unlawful detainer hearing date and that, during the hearing, Koort prevented George Symeonidis from "asking some very important questions." (Id. ¶ 27.) Plaintiffs further allege that after learning of the unfavorable outcome in the General District Court, Koort allowed for the de novo appeal hearing in Circuit Court to be scheduled for a date in September on which he would be out of the country. Finally, Plaintiffs

contend that Koort, after being discharged from his duties, filed a false affidavit stating that none of the attorneys involved in the litigation in Henrico County made any false representations in the Henrico General District Court.

Defendants' Motion to Dismiss argues that the Complaint is defective and should be dismissed with prejudice for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.  First, Defendants highlight this Court's rationale explained in its November 15, 2005 Memorandum Opinion dismissing the first Complaint.  See Symeonidis v. Eagle Constr. of Virginia, Inc., 2005 U.S. Dist. LEXIS 28871 (E.D. Va. Nov. 15, 2005).  In that opinion, the Court held that Plaintiff's allegations of diverse *residency* were insufficient to support a finding of diversity of *citizenship*, which was Plaintiff's theory for federal subject matter jurisdiction.  See id. at *8–9.  As further grounds for attacking subject matter jurisdiction, Defendants argue that it is the citizenship of the real party in interest, Marie Symeonidis, and not that of her sons, that is relevant for purposes of establishing diversity of citizenship.  Because Marie Symeonidis is a citizen of Virginia and Plaintiffs have failed to allege that Defendants are residents—let alone, citizens—of another state, Defendants submit that Plaintiffs have not established diversity of citizenship.

As a second basis for dismissal, Defendants note that Plaintiffs appear to have asserted standing to bring this civil action on the basis of George Symeonidis's status "as assignee of Marie Symeonidis's rights through the U.S. Bankruptcy Trustee." (Compl. ¶¶ 3, 29.)  Defendants contend that claims for legal malpractice cannot be assigned.  See MNC Credit Corp. v. Sickels, 255 Va. 314, 317–19, 497 S.E.2d 331, 333–34 (1998).  Consequently, Defendants argue, Plaintiffs have no standing to bring legal malpractice claims on their mother's behalf.

Finally, Defendants argue that even if Plaintiffs were allowed to maintain this suit, the Complaint does not state any cognizable cause of action.  Specifically, Defendants aver that the

4

Complaint does not directly allege any breach of a duty owed to Marie Symeonidis, and that there is no allegation that any of Defendants' actions proximately caused Marie Symeonidis to sustain damages.

Plaintiffs have not offered the Court any form of opposition to the instant Motion to Dismiss that was filed on March 27, 2006. Aside from failing to oppose the Motion, Plaintiffs likewise chose not to request a hearing. In July 2006, Defendants forwarded the Court a letter that was sent to each plaintiff's home address (along with additional copies of the Motion to Dismiss and Motion for Submission of Motion to Dismiss Without a Hearing) on July 10, 2006. The letter indicates that at least one message was left on George Symeonidis's home answering machine. Despite Defendants' multiple attempts to contact and elicit a response from Plaintiffs, no response was ever filed.

### III.   STANDARDS FOR DISMISSAL UNDER RULES 12(B)(1) AND 12(B)(6)

When presented with a motion to dismiss for lack of subject matter jurisdiction, all reasonable factual inferences must be made in favor of the non-moving party. See Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969); MacKethan v. Peat, Marwick, Mitchell & Co., 439 F. Supp. 1090, 1094 (E.D. Va. 1977). A defendant may attack subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) either by contending that the complaint fails to sufficiently allege facts upon which a finding of subject matter jurisdiction can be based, or that the jurisdictional facts are untrue. King v. Riverside Reg'l Med. Ctr., 211 F. Supp. 2d 779, 780 (E.D. Va. 2002). If the defendant asserts that the complaint fails to allege sufficient jurisdictional facts, then the facts alleged in the complaint are assumed to be true. Id. "The court construes all facts in favor of the plaintiff, and it relies solely on the pleadings, disregarding affidavits or other materials." Id. (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). If, however, the defendant asserts that the jurisdictional facts are not true, "no presumption of truthfulness attaches to the allegations in the

complaint, and the trial court must weigh the evidence presented and evaluate for itself the merits of the jurisdictional claims." Id. (citing Arthur Young & Co. v. City of Richmond, 895 F.2d 967, 971 n.4 (4th Cir. 1990)). The plaintiff bears the burden of persuasion when a court's subject matter jurisdiction has been challenged under Rule 12(b)(1). See Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

A motion to dismiss under Rule 12(b)(6) should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim. See Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). The complaint of a pro se litigant must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520–21 (1972) (stating that allegations of pro se plaintiffs are held to less stringent standards than formal pleadings drafted by lawyers).

## IV.   DISCUSSION

Prior to assessing the substantive allegations of a complaint filed in federal court, a court should, as a threshold inquiry, consider whether the plaintiff has alleged jurisdictional facts sufficient to bring the complaint within the court's subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998) ("For a court to pronounce upon . . . [the merits] when it has no jurisdiction to do so . . . is . . . for a court to act ultra vires."); see also Ruhrgas Ag. v. Marathon Oil Co., 526 U.S. 574, 583 (1999) ("Steel Co. held that Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case."). Giving the pro se plaintiffs the full benefit of the liberal pleading standards to which they are entitled, the Court simply cannot overlook the glaring and fatal procedural flaws contained in the allegations in the Complaint.

First, and for the same reason discussed in this Court's earlier opinion dismissing the first Complaint, see Symeonidis v. Eagle Constr. of Virginia, Inc., 2005 U.S. Dist. LEXIS 28871 (E.D. Va. Nov. 15, 2005), Plaintiffs have not properly alleged diversity of citizenship, their purported basis for subject matter jurisdiction in federal court.  (See Compl. ¶ 13.)  The statute outlining diversity requirements makes clear that a complaint must allege facts proving diverse *citizenship*.  28 U.S.C. § 1332 (2000).  Merely alleging diverse residency is not sufficient.  See Realty Holding Co. v Donaldson, 268 U.S. 398, 399 (1925) ("The bill alleges . . . appellee [is] a 'resident' of Michigan. *This is not a sufficient allegation of appellee's Michigan citizenship*.") (emphasis added).  To their credit, under 28 U.S.C. § 1332(c)(1), Plaintiffs have properly alleged citizenship of Defendant Hurley & Koort by stating that Hurley & Koort "is a company incorporated under the laws of . . . Virginia, with its principal place of business in Chesterfield County, Virginia." (Compl. ¶ 5.)  By alleging, however, that Defendant Koort is merely a "resident" of Virginia, Plaintiffs failed to meet their burden of establishing diversity of citizenship.

Importantly, even if the Court could translate residency allegations into citizenship allegations, the Court finds that Plaintiffs have not and cannot establish complete diversity of citizenship.  By reading only the first few paragraphs in the Complaint, it is evident that Plaintiffs filed this civil action under the mistaken premise that only their citizenship—not their mother's—is to be considered for purposes of establishing diversity.  To be clear, Federal Rule of Civil Procedure 17(a) does explain that a party may sue in his own name without joining the party for whose benefit the action is brought, which is precisely what George and Solon Symeonidis have done on behalf of their mother.  Fed. R. Civ. P. 17(a) ("An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party

7

for whose benefit the action is brought."). In a diversity analysis, however, courts must take into account the citizenship of real parties in interest, and not just the party under whose name the suit was initiated. See Carden v. Arkoma Assocs., 494 U.S. 185, 200 (1990) ("Since the early 19th century, one of the benchmarks for determining whether a particular party among those involved in the litigation must be counted for purposes of diversity jurisdiction has been whether the party has a 'real interest' in the suit or, in other words, is a 'real party' to the controversy.").

In the instant case, Plaintiffs acknowledge that they are attempting to benefit their mother when they suggest that they brought this action against all named Defendants in an effort to protect their mother's legal rights. (Compl. ¶ 3.) It is, therefore, beyond dispute that Marie Symeonidis, a citizen of Virginia, is a real party in interest in this litigation whose citizenship must be taken into account. 28 U.S.C. § 1332 provides, and courts have made quite clear, that the plaintiffs' and defendants' citizenship must be completely diverse. See, e.g., Sutton Woodworking Mach. Co. v. Mereen-Johnson Mach. Co., 328 F. Supp. 2d 601, 603 (M.D.N.C. 2004) ("Courts have consistently interpreted 28 U.S.C. § 1332 and its predecessors to require complete diversity such that the state of citizenship of each plaintiff must be different from that of each defendant."). As a general rule, "the citizenship of the real parties in interest is determinative for purposes of diversity jurisdiction." Id. at 604 (internal quotations and citation omitted). As such, "a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Navarro Sav. Ass'n v. Lee, 446 U.S. 458, 461 (1980). There has been no suggestion whatsoever that complete diversity lies between Marie Symeonidis, a citizen of Virginia, and the two remaining defendants. Without a finding of subject matter jurisdiction, the Court must dismiss the

Complaint without further inquiry.[1]  See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101–02 (1998).

## V.   CONCLUSION

For the reasons stated, Defendants' Motion to Dismiss and Motion for Submission of Motion to Dismiss Without a Hearing are hereby GRANTED.  Defendants are awarded their costs, expenses, and attorneys' fees associated with the filing of these two Motions.

An appropriate Order shall issue.

    /s/   James R. Spencer
CHIEF UNITED STATES DISTRICT JUDGE

ENTERED this   15th  day of August 2006

---

[1] Because this case can be properly dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a Rule 12(b)(6) analysis is not necessary.